## Williamson's Ex'x v. Williamson.

Oct. 6, 1939.

A. M. Caldwell, Judge.

J. Edward Boltz and E. Eric McLefresh for appellant.
Arthur C. Hall for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

William R. Williamson died on July 29, 1937, a resident of Campbell County, at the age of 84 years. His wife predeceased him and he left surviving him as his only heir a son, the appellee, Clarence Elmer Williamson. For a long while prior to his death—and prior to the death of his wife (which occurred in 1931)—he had served as janitor of one of the high school buildings in the City of Newport at a salary of $135 per month. In 1932 he fell and fractured his hip, and the duties of janitor were thereafter performed by his son, the appellee, who in the meantime had married and was living in the home of deceased, where they continued to reside until June 14, 1933. In the meantime Edna Roby Weaver, a half sister of decedent's wife, moved into his residence after the latter's death and assisted in operating the household and in nursing the deceased, although he was able to and did, until at least a short while preceding his death, occupy a rolling chair in his home.

Prior to her entry into the household the members of the family after the wife's death consisted of deceased, his son and the latter's wife, who lived happily together, with the son earning the janitor's salary and devoting all of it to the expenses of the family. Following the half sister-in-law becoming a member of the family, (which occurred in 1932), the deceased began to assume an observable antagonism toward his son and the latter's wife, culminating in their leaving the residence in 1933 and taking up their abode elsewhere but in the same city. However, the son continued to perform the services of janitor until his father's death, dividing the salary with the latter.

On October 17, 1934, the deceased executed a paper as his will, duly subscribed and witnessed according to law. In it he directed the payment of his debts and funeral expenses, and gave to his son and only heir the pittance of $5—devising all the remainder of his property to Edna Roby Weaver, his half sister-in-law, who had then been a member of his household for about two years and for a little more than one year after the son and his wife left the place. The will was probated in the county court of Campbell County in an ex parte proceeding; but in due time the son prosecuted an appeal to the Campbell circuit court in which a trial was had

resulting in a verdict finding the paper in contest not to be the last will and testament of the deceased, and which we are informed by briefs was based solely upon the ground that the testator was unduly influenced to execute it. The motion of appellants for a new trial chiefly relied on the two grounds: (1) Error of the court in overruling their motion for a peremptory instruction; and (2) that the verdict of the jury is not sustained by sufficient evidence and is flagrantly against it. No others are argued in brief and it will be assumed that they are abandoned; but if untrue, none of them is sustained by the record brought here.

However, we are not at liberty to consider even grounds (1) and (2)—which are the sole ones argued in brief—because of the fact that neither the instructions, nor all of the evidence heard at the trial, has been brought here, the record thus being incomplete. Time was given within which to prepare and file a bill of exceptions including the stenographer's transcript of evidence, but when that time arrived the stenographer, who had been ill, presented all the testimony that she had been able to transcribe and stated that she was unable to complete the transcription. Appellants, nevertheless, filed what she had transcribed, but in no offered or tendered bill of exceptions did they attempt to incorporate any instruction given, offered or refused at the trial.

The clerk's transcript on its last page (of date July 27, 1938) contains this order: ''Comes defendant and tenders her partial bill of evidence and exceptions herein, and the court took time.'' The next two volumes of the record contain the testimony first offered by contestees to prove the due execution of the contested paper, followed by lengthy testimony given by numerous witnesses introduced by appellants to prove the charge of undue influence as a ground of contest. At the close of the second volume the stenographer in her certificate thereto stated that the two volumes of testimony so transcribed by her contained the evidence, exceptions, avowals and rulings of the court ''to the extent that I have been physically able to transcribe the same to the time that I entered the Jewish Hospital in the city of Cincinnati where I have been and am now confined because of physical illness.'' The trial judge in approving the partial transcript, as so certified by the stenographer, stated that it contained the testimony and objections and ruling of the court ''to the full extent that the

official stenographer of the Campbell Circuit Court was able to transcribe her shorthand notes up to the time of her illness on June 22, 1938 * * * and said partial bill is examined and found to be correct.'' Time was then given within which to complete and file the transcription of the evidence and the bill of exceptions, thereby supplementing the matters so certified to by both the stenographer and the judge; but the record brought here shows that nothing further was done, though the index to volume 2 shows that after the close of the testimony of contestant, the contestees introduced the sole devisee, Edna Roby Weaver, but whose testimony—or that of any other witness she may have introduced—is entirely absent from the record.

From the foregoing recitation it will be seen that we are called upon by the appeal to reverse the judgment of the trial court on questions of the sufficiency of the evidence to support the verdict when all of the evidence heard at the trial has not been submitted to us. The rule of practice is universal that in the absence of all the testimony heard at the trial, this court (when the record shows that other evidence was heard) will presume that the parts of the testimony not brought here would sustain the verdict of the jury, and likewise support the instructions of the court if complaint was made thereof but no complaint of the instructions in this case is contained in appellants' motion for a new trial. The rules of practice referred to are so universal as to require the citation of no authority in support of it, since there is no case to the contrary.

However, in passing it might be said that the testimony that was transcribed, filed, and brought here as a part of the record amply and abundantly sustains the verdict of the jury on the issue of undue influence, and under the rule of practice supra it will be presumed that the testimony introduced by contestee did not overcome that proof, but on the contrary it may have strengthened it.

There is no alternative therefore for us to adopt except to affirm the judgment, which is accordingly done.